ROBERTO GARCÍA, ETC., Plaintiff and Appellant-Appellee, *v.* RAFAEL O. FERNÁNDEZ ET AL., Defendants and Appellees-Appellants. ELENA ORTIZ, ETC., Plaintiff and Appellant, *v.* SAME, Defendants and Appellees.

Nos. 7209 and 7210. Argued June 3, 1937.—Decided July 31, 1937.

R. *Rivera Zayas* and *Joaquín Velilla* for plaintiffs. *J. Valldejuli Rodríguez* for defendants.

Mr. Justice Travieso delivered the opinion of the Court.

The parties stipulated in the district court that these two cases should be consolidated and heard together, since the same facts are involved in both. We shall likewise decide them in a single opinion.

Roberto García, a minor represented by his father Francisco García, and the latter and his wife Elena Ortiz, independently of the former and in a separate complaint, sued Rafael O. Fernández and the Great American Indemnity Co. for damages.

The lower court rendered judgment in favor of the plaintiff minor and adjudged the defendants jointly to pay the sum of $1,000, without costs. From that judgment not only the defendants, but also the plaintiff, have appealed.

The complaint filed by Francisco García and Elena Ortiz was, on the other hand, dismissed, and they have also appealed.

The minor alleges in his complaint that on February 28, 1932, while he was playing with some other children on the left sidewalk of General Contreras Street, the defendant Rafael O. Fernández, while driving an automobile belong to him in a direction from east to west in the block comprised between Tanca and San Justo streets in San Juan, the right-hand side of the street being clear, negligently left the same, veering toward the left, up to the very edge of the sidewalk, where he caught plaintiff's left foot, causing an epihysial fracture of the first left metarsus, with great separation of the tarsal bone on the same side, as a result of which plain-

tiff is partially deprived of the use of his left leg. That said defendant neither reduced the speed at which he was traveling, nor gave any signal or notice of warning. Plaintiff further avers that the automobile causing the injuries of which he complains was on that date insured with the other defendant The Great American Indemnity Co. He concludes with a prayer for $10,000 damages.

The claim of his parents is based on the loss of the services of the child, and on the expenses for medical care, attention and treatment to which they have been put, for all of which they ask $5,000 damages.

The defendants denied all of the allegations, and as special defenses averred, first, that the accident was due directly and proximately to the acts of plaintiff himself and to the fault of his parents Francisco García and Elena Ortiz, and that there was no fault or negligence on the part of the defendant Rafael O. Fernández; second, that if the latter was negligent, the plaintiff and his parents were guilty of contributory negligence.

Roberto García assigns in his brief the following two errors:

*First:* . . . in fixing at $1,000 the amount of damages to which plaintiff is entitled on account of his injuries, such sum being completely inadequate and insufficient.

*Second:* In committing manifest error and erroneously exercising its discretion in not imposing the payment of costs upon the defendants.

The defendants assigned the following four errors:

*First:* In having erroneously and mistakenly weighed the evidence in this case, since the evidence adduced does not sustain the conclusions reached by the court.

*Second:* In having held that the plaintiff was not guilty of contributory negligence and in applying erroneously the case of *Romañat* v. *White Star Bus Line, Inc.,* 43 P.R.R. 901.

*Third:* In having awarded the sum of $1,000 for damages alleged to have been suffered, such amount being excessive and im-

proper and not warranted by the evidence in this case or by the decisions of this Supreme Court.

*Fourth:* In having permitted the testimony of Dr. Diego Biascoechea, who it is said treated the plaintiff more than a year after the alleged accident.

Finally, Francisco García and Elena Ortiz contend that—

"The court erred in holding that the plaintiffs-appellants did not show that they had actually incurred or were obligated to pay the amounts alleged in the complaint, or that they had lost or would in the future be deprived of the services of the minor.

"The Court erred in dismissing the complaint."

■ We have read carefully the entire transcript of the evidence and find that there is in fact a marked conflict between the evidence for plaintiff and that for defendants. The theories advanced by the parties as to the manner in which the accident occurred are likewise irreconcilable. Plaintiff contends that Fernández, the right-hand side of the street being clear, "negligently left the same, veering to the left, . . . striking the plaintiff," while the defendants contend that Roberto García came running out of an entry-way toward the street at the moment in which the defendant Fernández was passing in his car. The trial court resolved this conflict as we have seen, and the defendants do not maintain that in so deciding it the court was moved by bias, prejudice, or partiality, nor does it appear that manifest error was committed in weighing the evidence. There is here applicable the invariable rule of this Supreme Court of not disturbing the decisions of lower courts unless some of the factors above named are present. See the case of *José Manuel Pietri Mejía* v. *Rosario Bacó Polidari,* no. 7074 (ante, p. 78), and the cases there cited. The first error was not committed.

■ The conclusions of fact reached by the district court having been accepted, the result is that the plaintiff minor was, when run over by Fernández, at the place and was run over in the manner, set forth in the complaint. This being

so, the court did not make erroneous application of the doctrine of *Romañat* v. *White Star Bus Line, Inc.*, supra, and the second error was consequently not committed.

■■ We shall consider jointly the defendant's third assignment and the plaintiff's first. In both it is contended that the district court erred in fixing the amount of damages awarded to the minor Roberto García at $1,000.

"The measure of damages," said this Court in deciding the case of *Flores* v. *Successors of Pérez Brothers*, 29 P.R.R. 977, 980, "has been variously expressed, and perhaps a satisfying measure was set forth in *Louisville Gas Co.* v. *Fuller*, 92 S. W. 566, as being the expenses of the cure, the value of the time lost, reasonable compensation for physical and mental suffering and for permanent reduction of earning capacity."

According to the evidence, D. R. Carrión, Inc. paid the expenses of the treatment given to the minor by Dr. Rolenson, including his fees for professional services, and for the X–rays taken by Dr. Roses Artau. Dr. Biascoechea said that he had treated the case as a charity case and there was no evidence as to who paid for the X–rays taken by him. As to the value of the minor's time, we cannot say that it was really great; he was not even going to school. The only elements of damage to be considered in this case are those of physical and mental suffering and the permanent reduction in earning power, this last being the most variable, according to *Flores* v. *Successors of Pérez Brothers, supra.* In this type of case the trial judge is in a better position than this Court to determine the amount of damages which ought to be allowed in each case, and unless it be shown that the amount fixed is clearly inadequate, or improper, this Court will accept the conclusion of the trial judge as just and equitable (*Aré et al.* v. *Borinquen Sugar Co.*, 17 P.R.R. 87). The award of $1,000 should not, in our judgment, be altered. The defendants have not shown "a clear abuse of

discretion." *Carbou Rodríguez* v. *Mir,* 36 P.R.R. 728. These assignments are dismissed.

 The trial court did not commit the fourth error assigned by the defendants, but that error, even if it had been committed, would not have caused the defendants any prejudice, and would not, therefore, justify a reversal of the judgment. From the statement of the case and opinion rendered by the court, we copy the following paragraphs:

"Dr. Julio R. Rolenson testified that the child was brought to the Santurce clinic on March 3, 1932, and that he examined him and found that the left foot was swollen with ecchymosis of the dorsum and sole of the foot, and that clinically it seemed to him that there was an internal injury and that he ordered an X-ray; that this was taken by Dr. R. Roses Artau and shows a comminuted facture of the articulated head of the left metatarsus, corresponding to the toe of the left foot; that the child was confined in the clinic until March 9, 1932, and that he continued to treat the child thereafter in his office until May 9, 1932, when he discharged him in good condition, all the expenses being paid by D. R. Carrión, agent for the company. Dr. Rolenson examined the child in the present of the court and says that he notes the callus of the fracture, which is well joined, that there is no edema, nor in the movement of the ankle inhibited, and that he walks well, his sole incapacity being that there is a slight difference in the arch of the left foot, which is lower than the right.

"Dr. Diego O. Biascoechea testified that he treated the child Roberto García in 1932 for an injury in the foot, at the Instituto Médico Quirúrgico, as a charity case, and stated that it was necessary for him to take X-ray; that his examination showed a probable facture; that the mother of the child was in no condition to pay, and that he postponed his treatment until January, 1933, at which time he took the X-rays; that he ordered the child to put on some special shoes and some rubber stockings because he had a tendency to fall; that from the X-rays which he took in 1933 he observes that there is a quite marged separation of the bones forming the tarsus, and that he considers this for the purpose of using the leg a partial incapacity of high degree.

"The evidence shows, moreover, that on the date of the accident the child was not going to school on account of his extreme youth, and that at present he is attending the José Julián Acosta school,

walking well. The only remaining difference, following Dr. Rolenson, is slight difference in the arch of the left foot, which is lower than the right. It is a matter of general knowledge that fractures of the bones of the arms and legs of extremely young children, when promptly attended to, as in this case, heal rapidly, and thus Dr. Rolenson states that he discharged the child in good condition two months and some days after the accident."

It may be clearly seen that the trial court based its judgment on the testimony of Dr. Rolenson, the expert offered by the defendants themselves, and not upon that of Dr. Biascoechea, plaintiff's expert. Furthermore, we have examined the testimony of both medical experts, and find that they are not only not inconsistent but that their testimony is substantially complementary. This alleged error must also be dismissed.

In our judgment, the second assignment for the plaintiff is entirely unfounded. This refers to the award of costs. The plaintiff Roberto García asked in his complaint for $10,000 damages. The district court gave him $1,000, a tenth of what he asked for. Under these circumstances, were the defendants justified or not in defending themselves? They undoubtedly were, and there is consequently no obstinacy to be punished. When there is a difference between what is prayed for in the complaint and what is granted in the judgment, and the latter allows less than what is prayed for, there can have been no obstinacy upon the part of a defendant in defending himself. *Succession of del Toro* v. *Zambrana,* 27 P.R.R. 445; *Martínez* v. *Padilla,* 19 P.R.R. 555; *Central Pasto Piejo Inc.* v. *Aponte,* 34 P.R.R. 849; *Cintrón et al.* v. *Banco Territorial y Agrícola,* 15 P.R.R. 495.

Moreover, the trial court has a discretionary power as to the award of costs, and since it has not been shown, so far as we have seen, that there was any abuse of such discretion, this court will not interfere with the exercise thereof. *Cautiño et al.* v. *Muñoz et al.,* 18 P.R.R. 849; *Blanco* v. *Hernández et al.,* 18 P.R.R. 686; *Santisteban, Chavarri & Co.* v. *Suc.*

*Goday,* 25 P.R.R. 570; *Morales* v. *Caraballo,* 27 P.R.R. 544; *Del Rosario et al.* v. *Rucabado et al.,* 23 P.R.R. 438.

█ We shall now turn to the appeal of Francisco García and Elena Ortiz, the parents of the child.

The only testimony bearing on the expenses incurred by these plaintiffs is that of Elena Ortiz, mother of Roberto. On medical care, X–rays, hospitalization and food, she said that she had spent something more than $200; on drugs, about $175; in the clinic of Dr. García she said that she had spent about $80; and that with Dr. Biascoechea she had spent about $75; a little more than $90 in food, attention, and care. She had three men to carry the boy, in whom she invested some $48. Although in the complaint she contends that her expenses for hospitalization and drugs were only $33.75, she said on the witness stand that they had gone up to $80; similarly the amounts for maintenance, care and attention are inconsistent, since while in the complaint this sum goes up to $392.50, in her testimony it is only a little over $90. Dr. Rolenson said that all the expenses which had been incurred by him in his treatment of the child, as well as his fees in the case, had been paid to him by D. R. Carrión; Dr. Biascoechea testified that he had treated the case of Roberto García as a charity case. In face of their testimony, Elena Ortiz says that she spent for medical attention, X–rays, hospitalization something more than $200. As to the $175 which she says that she spent on drugs, it seems to us that her testimony is very general, since she did not try to itemize the amounts making up this sum, and much less during what period of time she used this amount; in other words, there is neither a receipt nor the testimony of any other person corroborating what Elena Ortiz said on this point.

With respect to the alleged damages for loss of services of the child, the judgment of the lower court is amply sup-

ported by the testimony of Dr. Rolenson, in spite of what Dr. Biascoechea said upon this point. Since it has not been contended that the court was moved by bias, prejudice, or partiality, or that it committed manifest error in weighing the evidence, the judgment of the lower court must stand. *Sánchez* v. *Maymí,* 22 P.R.R. 718; *Guilbe* v. *American Railroad Company,* 27 P.R.R. 673.

The lower court did not err in dismissing the complaint.

For the foregoing reasons, the judgments entered by the district court of San Juan in these cases on April 22, 1935, must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.